ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
AUG 24 2004
U.S. COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY CONSTRUCTION COMPANY<br>5010 Nicholson Lane<br>Rockville, Maryland 20852<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES<br>c/o Attorney General John D. Ashcroft<br>United States Department of Justice<br>Washington, D.C. 20530-0006<br><br>Defendant | ) | Case No. 04-1368C |

**COMPLAINT**

Plaintiff alleges:

1. This is an action for an equitable adjustment to Contract No. NAMA-00-SEM-0012, which was awarded by the National Archives and Records Administration to Grunley Construction Company ("Grunley") on October 2, 2000, for Phase 2 of the renovation of the headquarters building of the National Archives, 700 Pennsylvania Avenue, NW, Washington, D.C. ("the Project").

2. This matter involves an appeal from a Contracting Officer's decision dated August 25, 2003, a copy of which is attached hereto and incorporated herein by reference, denying a claim involving insulation of outside air ducts.

3. Jurisdiction for this action is founded on the Contract Disputes Act, 41 U.S.C. 603.

4. The Contract Documents include specifications and drawings prepared by the Project architect which purport to describe the work required of the contractor.

5. Section 15081 of the Specifications governs duct insulation. Although Paragraph 3.7.C of the Specifications sets forth a general description of the types of plenums and duct systems to be insulated, all of the details of the duct insulation to be provided are set forth in Paragraph 3.8.

6. Paragraph 3.8 of the Specifications describes the thickness, number of layers, and further details of each type of insulation desired by the architect. Paragraph 3.8.F provides details with respect to outside air ducts, exposed, for only "round" ducts and does not provide for insulation of rectangular outside air ducts.

7. In accordance with custom and usage in the trade, the contractor, through its duct insulation sub-subcontractor, Performance Contracting, Inc., only included in its bid scope of work those items of insulation specifically called out in the Specifications. Since no details for insulation of rectangular outside air ducts were provided in the Specifications, such insulation was not included in the plaintiff contractor's scope of work in its bid.

8. Upon receiving direction from the National Archives to insulate the rectangular outside air ducts, Grunley Construction Company submitted a claim for an equitable adjustment to the contract price for the cost of supplying and installing the insulation at issue.

9. In response to Grunley's claim, the National Archives, in an implicit concession that the Specifications were ambiguous and misleading, agreed to provide additional compensation for such insulation. The quantum granted, however, was limited to the difference between the most inexpensive insulation that could have been chosen by

the contractor and the cost of the insulation desired by the architect. The amount of the equitable adjustment granted to the contractor was $8,662.

10. The actual cost for supply and installation of the insulation at issue, including subcontractor and general contractor mark-up, was $70,793, of which $8,662 has been paid, and $62,131 is claimed herein.

WHEREFORE, Grunley Construction Company demands judgment against the United States in the amount of $62,131, plus pre-judgment interest, attorneys' fees, costs of suit, and such further and additional relief as the Court may deem just and proper.

Dated: August 24, 2004

GRUNLEY CONSTRUCTION COMPANY

By: ______________________

Philip Clark Jones
JONES & ASSOCIATES, LLC
Six Dock Street
Annapolis, MD 21401
(410) 626-0050
D.C. Metro: (301) 858-5723
e-mail: philjones@annapolis.net

COPY

# National Archives and Records Administration

700 Pennsylvania Avenue, NW
Washington, DC 20408-0001

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

NAR # 1134

RECEIVED
AUG 2 7 2003
John J. Kirlin, Inc.

RECEIVED
AUG 2 6 2003
GRUNLEY CONST. CO. INC.

August 25, 2003

Mr. Kenneth Grunley
President
Grunley Construction
5010 Nicholson Lane
Suite 1
Rockville, MD 20852

RE: National Archives Renovation
NAMA-00-SEM-0012
Claim for Insulation of Outside Air Ducts

Gentlemen:

Reference is made to your July 23, 2003, letter which was received the same day wherein you requested a final decision of the Contracting Officer relative to your claim in the amount of $70,793 for the insulation of outside air ducts on NARA contract NAMA-00-SEM-0012.

I have reviewed the matter as detailed in the following documentation:

a. Request for Proposals for bids for contract NAMA-00-SEM-0012 was issued on October 2, 2000 and the last of the eleven (11) amendments was dated March 16, 2001. Contract NAM-00-SEM-0012 was subsequently awarded on April 10, 2001 with a Notice to Proceed issued on April 30, 2001 for an effective commencement date of May 15,2001.

b. On December 20, 2003, Request for Information #1074 was forwarded by the General Contractor requesting confirmation that the specifications do not require insulation on rectangular outside air ducts.

c. On January 29, 2003, the Architect responded that Section 15081, paragraph 3.7, subparagraphs C1 and C2 does in fact require insulation for the outside air ducts without specific qualification regarding duct shape or location.

d. By letter dated February 6, 2003, Performance Contracting Incorporation (PCI), a second tier subcontractor to the General Contractor installing duct insulation, requested further consideration be given to the matter based on the following position:

1. PCI interprets paragraph 3.7C, as referenced in the Architect's response as justification for insulating all of the outside air duct, as a general reference to the more specific requirements as stated in paragraph 3.8.

2. PCI interprets paragraph 3.8 as only requiring insulation on round outside air ducts as specified in paragraph 3.8F. PCI further states that since paragraph 3.8 only specifies the type of insulation to be provided on round duct that rectangular duct is excluded from being insulated.

e. The Government responded to PCI's letter on February 14, 2003 stating that PCI's contention that the requirements of paragraph 3.8 supercedes the requirements of paragraph 3.7 is incorrect. Specifically, the Government responded that paragraph 3.7 specifies **which** air ducts are to be insulated while paragraph 3.8 specifies **how** the ducts are to be insulated. The Government further stated that there is nothing in specification paragraph 3.7C that distinguishes between duct configuration and concluded that paragraph 3.7C required that all outside air ducts are to be insulated. Further the Government acknowledged that while paragraph 3.8 did not specify how to insulate rectangular duct that did not negate the requirement of paragraph 3.7C to insulate all outside air duct. The Government further suggested that since there was no specific requirement for the type of insulation to be used on rectangular duct, PCI could propose any type insulation it deemed suitable. PCI was advised that if the Government required insulation other than what was proposed an equitable adjustment would be considered for the cost differential between the Government's requirements and that which was proposed by PCI.

f. On March 5, 2003, a meeting was held between the Government and PCI to attempt to resolve the differences in interpretation of the specification. PCI could provide no further contract references to support their position. Accordingly, the Government reiterated its position that the insulation of all outside air duct is a contract requirement. The Government again suggested that PCI submit the type of insulation they proposed to use to determine if the Government would accept the insulation or require a different type of insulation since none was specified.

g. By letter dated March 26, 2003, PCI requested that a claim for equitable adjustment be submitted by their prime contractor, John J. Kirlin, based on their contention that the Government's position was unreasonable. In their request PCI argues that since section 3.8F only specifies how round outside air duct is to be insulated, rectangular outside air duct is excluded by implication and interpretation when read in conjunction with the rest of the specification.

h. On May 5, 2003, the General Contractor, Grunley Construction, submitted a cost proposal for insulation of outside air ducts that included PCI's letter of March 26, 2003 but made no request for a final decision of the Contracting Officer.

i. The Government responded to the May 5, 2003 cost proposal by rejecting the arguments contained in PCI's letter of March 26, 2003. Specifically, the Government dismissed PCI's argument that "rectangular outside air ducts are excluded by implication and reasonable interpretation". The Government maintained that paragraph 3.7C requires that all supply, return and outside air ducts be insulated and that nowhere in paragraph 3.7C does it "imply" that this requirement applies only to round outside air duct. The Government again acknowledged that paragraph 3.8 does not specify how rectangular outside air duct is to be insulated and again suggested that PCI submit the type of insulation they proposed to use to comply with paragraph 3.7. The Government also inquired as to whether a final decision of the Contracting Officer was desired and stated that the request must be by the General Contractor, Grunley Construction, since PCI did not have any standing in the current contract dispute.

*NARA's web site is http://www.nara.gov*

j. By letter dated July 23, 2003, the General Contractor formally requested a final decision of the Contracting Officer

Based on the above and a review of the contract documents I have determined the following:

1. Paragraph 3.7 of section 15081 specifies **which** air ducts are to be insulated. Paragraph 3.7C specifically requires that indoor concealed and/or exposed supply, return and outside air ductwork are to be insulated. There is nothing within paragraph 3.7C that limits insulation based on (1) the duct configuration, i.e. round, square, oval, or rectangular, (2) the purpose of the duct, i.e. supply, return, exhaust, etc or (3) the location of the duct, i.e. concealed or exposed as it relates to outside air ducts. Since there is no limitation as to the configuration, purpose, or location of outside air ductwork to be insulated, it is reasonable to conclude that **all** outside air ductwork is required to be insulated per the specification.

2 Paragraph 3.8 of section 15081 specifies **how** the ductwork noted in paragraph 3.7C is to be insulated. Contrary to PCI's contention, the requirements contained in paragraph 3.8 does not supercede the requirements contained in paragraph 3.7C. Rather paragraph 3.8 provides specific direction as to how the duct specified in paragraph 3.7C is to be insulated. Since there is no insulation specification mentioned in paragraph 3.8 for rectangular duct, the Government is only entitled to the installation of the minimum insulation commercially available. Accordingly, PCI is entitled to be compensated for the material cost differential between the minimum insulation available and what was actually installed per the Government's direction. In my opinion the least costly minimum insulation available is unfaced blanket insulation. Since unfaced blanket insulation is not required to be taped at the joints while foil faced insulation does require taping, PCI is entitled to be compensated for the cost associated with taping the joints.

3. The cost differential between 1½ inch unfaced blanket insulation that, in my opinion, is the least costly commercially available duct insulation and the 1½ inch foil faced blanket insulation provided is approximately $.03 per square foot. The estimated quantity of insulation, material only and inclusive of a 10% waste factor, has been calculated to be 11,210 square feet resulting in a material cost differential of $336. The quantity of taping required, inclusive of a 10% waster factor, has been estimated to be 4,640 lineal feet at an estimated cost of $0.80 per lineal foot, inclusive of material and labor, resulting in an estimated cost of $3,712. Accordingly, the total estimated direct cost differential for the 1½ inch foil faced insulation is calculated to be $4,048. Applying the labor burden, previously established PCI overhead and profit rates, commission to the first tier subcontractor and commission to the General Contractor, the total estimated cost for the insulation of rectangular outside air duct is $8,662.

This is the final decision of the Contracting Officer. This decision is made in accordance with the Disputes Clause and shall be final and conclusive as provided therein, unless within 90 days from the date of receipt of this decision, a written Notice of Appeal (in triplicate) addressed to the Archivist of the United States (Attention : NGC) is mailed or otherwise furnished to the Contracting Officer. The Notice of Appeal, which is to be signed by you as the contractor or by an attorney acting on your behalf and which may be in letter from, should indicate that an appeal is intended, should refer to this decision and should identify the contract by number. The Notice of Appeal may include a statement of the reasons why the decision is considered to be erroneous.

The Notice of Appeal must be mailed or otherwise furnishes to me within 90 days from the receipt of this decision or your appeal shall be considered untimely.

In lieu of appealing this decision to the Archivist of the United States, you may bring an action directly on this claim to the United States Claims Court in accordance with section 10 of the Contract Disputes Act of 1978 (P.L. 95-563) within 12 months of the date you receive this decision.

Sincerely,

Ronald C. Noll
Contracting Officer