IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY CONSTRUCTION COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 04-1368C |
| | ) | |
| v. | ) | (Judge Hodges) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that this Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. Defendant is not aware of a basis upon which to challenge the Court's jurisdiction at this time.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. Deferrel

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

One or both parties may move for summary judgment pursuant to RCFC 56.

h. Relevant Issues

1. Whether plans supplied by defendant indicated the full extent of duct work to be performed and if not, whether the ambiguity was patent and thus created a duty upon plaintiff to inquire as to the full extent of work prior to submitting its bid.

2. The amount of damages, if any, plaintiff has suffered as a result of any alleged ambiguity, of which plaintiff either did not have a duty to inquire or satisfied its duty to inquire.

i. Settlement

The parties do not anticipate pursuing settlement negotiations at this time.

j. Trial

As stated above, one or both parties may move for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. The parties do not request expedited trial scheduling. The parties anticipate that trial would take place in Washington, D.C.

k. Electronic Case Management

The parties have no special issues regarding electronic case management needs.

l. Additional Information

There is no additional information of which the Court should be aware at this time.

m. Proposed Discovery Plan

The parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose the following discovery schedule:

| | |
|---|---|
| Exchange of Initial Disclosures: | January 7, 2005 |
| Close of Fact Discovery: | April 8, 2005 |
| Plaintiff's Expert Report Due: | May 6, 2005 |
| Defendant's Expert Report Due: | June 6, 2005 |
| Deadline for Expert Depositions | July 5, 2005 |

Respectfully submitted,

s/ Philip Clark Jones
PHILIP CLARK JONES
JONES & ASSOCIATES, LLC
Six Dock Street
Annapolis, MD 21401
Tel. (410) 626-0050

Attorney for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Marla T. Conneely
MARLA T. CONNEELY
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classifications Unit, 8th Floor
Washington, DC 20530
Tel. (202) 307-1011
Fax. (202) 307-0972

Of Counsel:

Stephani L. Abramson
Assistant General Counsel
National Archives and Records
Administration
8601 Adelphi Road
Room 3110
College Park, MD 20740

December 16, 2004

Attorneys for Defendant